FILED
**Oct 28, 2022**
**08:40 AM(CT)**
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Sondra L. Claybrooks | ) Docket No.     2020-06-0489 |
| | ) |
| v. | ) State File No.  23248-2020 |
| | ) |
| Insight Global, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee asserts the trial court erred in issuing a scheduling order prior to the occurrence of a scheduled expedited hearing and prior to the employee's being placed at maximum medical improvement. Having carefully reviewed the record, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Sondra L. Claybrooks, Antioch, Tennessee, employee-appellant, pro se

L. Blair Cannon, Atlanta, Georgia, for the employer-appellee, Insight Global, LLC

Ronald W. McNutt, Nashville, Tennessee, for the appellee, Tennessee Subsequent Injury and Vocational Recovery Fund

### Memorandum Opinion[1]

The issue in this case concerns the timing of a scheduling order issued by the trial court. Sondra Claybrooks ("Employee") asserts she suffered various injuries as the result of a work-related fall on May 9, 2019, while working for Insight Global, LLC

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

("Employer"). Since that time, she has received treatment from various medical providers for symptoms related to her right hand, right wrist, right elbow, hip, and low back.[2] On March 3, 2021, the trial court issued an expedited hearing order denying Employee's claim for temporary disability benefits and payment of certain past medical expenses. That order was not appealed.

Following the issuance of the court's expedited hearing order in March 2021, several disputes arose regarding the provision of a panel of physicians, Employee's requests for additional medical treatment, and written discovery requests. The court set approximately eight status hearings between April 2021 and December 2021. In November 2021, Employee filed a motion for temporary disability and medical benefits, which the court treated as a request for an expedited hearing. The court set such a hearing for January 21, 2022, but the hearing was continued at Employee's request on two occasions. Following the court's granting of Employee's second motion for a continuance, the court set several more status hearings. In April 2022, Employee filed two requests for expedited hearings and a motion to compel discovery.[3]

On August 5, 2022, the trial court conducted a hearing to address Employee's motion to compel discovery and a request filed by Employer for a scheduling hearing. During that hearing, Employee stated she wished to proceed with a second expedited hearing to address her claim for additional medical benefits. The second expedited hearing was scheduled for September 26, 2022. The Court also set a scheduling hearing to occur telephonically on August 25, 2022.

During the August 25 scheduling hearing, Employee objected to the issuance of a scheduling order, arguing that a scheduling order should not be issued prior to the expedited hearing and prior to the date she is placed at maximum medical improvement for all alleged work-related injuries. In addressing Employee's objections, the trial court stated that although it was "unusual" to issue a scheduling order prior to an employee's being placed at maximum medical improvement, "nothing in the law prohibits a scheduling order under these circumstances." We agree.

The rules governing the litigation process in the Court of Workers' Compensation Claims provide that either party may request a scheduling hearing at any time after a dispute certification notice has been filed. Tenn. Comp. R. & Regs. 0800-02-21-.11(1) (2022). Here, a dispute certification notice was filed July 8, 2020. Moreover, nothing in the rules requires a court to delay issuing a scheduling order until after an expedited hearing has occurred or after an employee has been placed at maximum medical improvement.

---

[2] Employee also asserted an injury to her right ear, but that claim is not part of the present case.

[3] It is unclear from the record whether some of these filings pertained to Employee's separate ear claim.

2

As we have noted previously, a trial court is afforded broad discretion to control the progress of cases on its docket. In *Valledares v. Transco Products, Inc.*, Nos. 2015-01-0117, 2015-02-0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31 (Tenn. Workers' Comp. App. Bd. July 27, 2016), a party objected to the trial court's decision to set a scheduling hearing when none of the parties had requested one. In rejecting this argument, we explained, "[i]t is consistent with common practice, applicable regulations, the Tennessee Rules of Civil Procedure, and the need to control its own docket and the progress of cases to allow a trial court to set a scheduling hearing . . . ." *Id.* at *20. We further noted that "a trial court has the necessary discretion to control the pace of litigation through the use of case supervision and docket management." *Id.* at *26. *See also Sissom v. Bridgestone/Firestone, Inc.*, No. M2011-00363-WC-R3-WC, 2012 Tenn. LEXIS 411 (Tenn. Workers' Comp. Panel June 20, 2012) ("[T]rial courts have been charged with controlling the pace of litigation through the use of supervision and document management which will ensure the efficient disposition of civil cases.").

Employee has offered no argument as to how the trial court allegedly abused its discretion in issuing a scheduling order in this case. On October 17, 2022, Employee filed what purports to be a response to the brief filed by the Subsequent Injury Fund. In that filing, Employee asserts that the scheduling order was not requested "on the proper form." However, as noted by the trial court, the Bureau's Administrator has approved no such form for requesting a scheduling order, and the trial court deemed Employer's written request sufficient. Employee received notice of the scheduling hearing and attended that hearing.[4] In short, Employee does not allege and has not shown that the trial court abused its discretion in considering Employer's request for a scheduling order or in issuing a scheduling order.

For the foregoing reasons, we affirm the trial court's amended scheduling order and remand the case. Costs on appeal have been waived.

---

[4] In its order following the August 5 telephonic hearing, the trial court noted that, due to some technical difficulty, Employee may have been dropped from the call near the end of the hearing, at which time the August 25 hearing was set. However, Employee does not allege she failed to receive notice of the August 25 hearing or was in some way prejudiced by the technical difficulties that may have occurred during the August 5 telephonic hearing.

3



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Sondra L. Claybrooks | ) | Docket No. 2020-06-0489 |
| | ) | |
| v. | ) | State File No. 23248-2020 |
| | ) | |
| Insight Global, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 28th day of October, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Sondra L. Claybrooks | | | | X | slclay2228@gmail.com |
| L. Blair Cannon | | | | X | blair.cannon@thehartford.com |
| Ron McNutt | | | | X | ronald.mcnutt@tn.gov |
| Robert V. Durham, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov